# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: N.U.

No. 15-0032 (Mingo County 14-JA-50)

**FILED**

October 20, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father A.U., by counsel Stacey Kohari, appeals the Circuit Court of Mingo County's December 11, 2014, order terminating his parental rights to N.U. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Della Cline-Gentile, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding that it was in the best interests of the child to terminate his parental rights and to deny him post-termination visitation.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, petitioner pled guilty in the Circuit Court of Kanawha County to the felony offense of possession of materials depicting minors engaged in sexually explicit conduct pursuant to West Virginia Code § 61-8C-3. In February of 2014, petitioner was sentenced to a term of two years in prison and fifteen years of supervised release. Petitioner was also required to register as a sex offender. Petitioner's sentence was suspended and he was allowed to serve his time under home incarceration. A condition of petitioner's home incarceration was that he could have no contact with any children, including his own.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

After petitioner was placed on home incarceration, N.U. lived with her mother in a separate residence.[2] On July 23, 2014, the DHHR filed an abuse and neglect petition against petitioner, the mother, and the mother's boyfriend alleging that there was a domestic violence incident in May of 2014 between the mother and her boyfriend and that N.U. and another child in the home witnessed the incident. Petitioner was not present for the incident. The petition further alleged that the home was uninhabitable.[3] N.U. was approximately four years old at the time the petition was filed.

In July of 2014, the circuit court held a preliminary hearing and found probable cause to believe that petitioner, N.U.'s mother, and the mother's boyfriend abused and/or neglected N.U. and the other child in the home and that removal was the least-restrictive means to serve the children's best interests. The circuit court also denied visitation between petitioner and N.U. based on his conviction and sex-offender status.

In September of 2014, the circuit court held an adjudicatory hearing and found by clear and convincing evidence that petitioner, the mother, and the mother's boyfriend abused and/or neglected N.U. and again denied visitation between petitioner and N.U. In November of 2014, the circuit court held a dispositional hearing. The DHHR recommended that petitioner be denied an improvement period and that his parental rights be terminated. The DHHR argued that termination would be in N.U.'s best interest. Petitioner's probation officer testified that petitioner's home was not suitable for a child. The guardian testified that based on petitioner's conviction, N.U. would be at risk if petitioner retained his parental rights. Petitioner's older children testified that he was a good father, but also admitted that they testified favorably for petitioner so that they could see N.U. The circuit court found that petitioner was unlikely to substantially improve the conditions of abuse and neglect, that allowing him to retain his parental rights would place N.U. at risk, and that termination of petitioner's parental rights was in N.U.'s best interests. The circuit court deferred its final ruling until N.U. had a psychological evaluation.[4]

In December of 2014, the circuit court entered a final dispositional order terminating petitioner's parental rights and denying his request for post-termination visitation. It is from this order that petitioner appeals.

---

[2]Petitioner and the mother were married at the time of petitioner's plea agreement. The mother filed for divorce sometime during the criminal proceedings and N.U. was placed with her.

[3]The DHHR alleged that the children were living in squalid conditions, specifically that the home was "in bad shape," that there was glass and garbage on the floor, that the refrigerator was empty, and that there were empty pill bottles lying around the home.

[4]N.U.'s psychological evaluation took place on November 25, 2014. The report explained that N.U. had no emotional response toward petitioner and that N.U. did not express any emotional attachment to petitioner or his family. Accordingly, the psychologist did not recommend post-termination visitation between N.U. and petitioner.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.,* 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's ruling that terminating petitioner's parental rights was in N.U.'s best interests or in denying petitioner post-termination visitation. On appeal, petitioner argues that the circuit court erred in terminating his parental rights because the petition did not allege that he was actively abusing N.U. and that his right as a natural parent to his child is paramount to that of any other person, as set forth in syllabus point one of *In re Willis*, 157 W.Va. 225, 207 S.E.2d 129 (1973). Thus, termination was not in the child's best interest. We disagree and find that petitioner's argument ignores the evidence set forth in the record on appeal.

It is clear from the record on appeal that petitioner is incapable of assuming custody of N.U. As the circuit court found, petitioner's living conditions were unsuitable for a child, petitioner's conviction for possession of child pornography would put N.U. at risk, and that having contact with petitioner would put N.U. at risk. Further, N.U.'s psychological evaluation showed that she had no emotional response or attachment to petitioner. Accordingly, the circuit court found that petitioner was unlikely to substantially improve the conditions of abuse and neglect, that allowing him to retain his parental rights would place N.U. at risk, and that termination of petitioner's parental rights was in N.U.'s best interests. There is no reasonable likelihood that the conditions which led to the filing of the petition can be corrected, and the evidence shows that N.U.'s welfare would be threatened should she be placed in petitioner's home. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such a finding, and the Circuit Court of Mingo County did not err is making such a ruling.

This Court has recognized that "[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children." Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Contrary to petitioner's argument that the evidence demonstrated that he is not a threat to N.U. or her well-being, the circuit court found that while petitioner's probation officer and therapist did not believe that he presented any risk to N.U., those witnesses lacked the necessary knowledge to make such determinations. Similarly, the circuit court found that even

though petitioner's older children testified as to his good character, they did so in an effort to maintain contact with N.U. Both the DHHR and the guardian presented evidence which established that allowing petitioner to retain his parental rights would put N.U. at risk. Therefore, we find no error in the circuit court's determination that termination of petitioner's parental rights was in N.U.'s best interests.

Finally, the Court finds no error in the circuit court's denial of petitioner's request for post-termination visitation or in its finding that the denial is in the best interests of N.U. We have held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.,* 194 W.Va. 446, 460 S.E.2d 692(1995).

Syl. Pt. 11, *In re Daniel D.,* 211 W.Va. 79, 562 S.E.2d 147 (2002).[5] In the instant case, petitioner argues that post-termination visitation would be beneficial and would develop his bond with N.U. Given the evidence before it, the circuit court correctly found the child's best interests were served by denying post-termination visitation with petitioner, based on its findings that petitioner's living conditions were unsuitable for a child, that his conviction for possession of child pornography would put N.U. at risk, and that having further contact with him would impede N.U.'s emotional recovery. Further, N.U.'s psychological evaluation showed that she had no emotional response or attachment to the petitioner. Following a thorough review of the record on appeal, we find that the circuit court did not err in denying such post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court and its December 11, 2014, order is hereby affirmed.

Affirmed.

---

[5]We have also held that the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher,* 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) (providing that "[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion.") (citations omitted).

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II